**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

July 20, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 18-0120** (BOR Appeal No. 2052098)
(Claim No. 2016004423)

**CAREY FITZWATER,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc., by Aimee M. Stern and Denise D. Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Carey Fitzwater, by Reginald D. Henry, his attorney, filed a timely response.

The issue on appeal is the addition of a compensable condition to the claim. The claims administrator denied the addition of major depression to the claim on January 19, 2017. The Office of Judges affirmed the decision in its July 14, 2017, Order. The Order was reversed by the Board of Review on January 16, 2018, and major depression was added to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fitzwater, a coal miner, was injured in the course of his employment on August 11, 2015, when he was electrocuted. Treatment notes from Wheeling Hospital that day indicate Mr. Fitzwater was shocked at work with 300 volts of electricity. He reported pain in his back, left upper arm, chest, and neck, as well as shortness of breath and numbness in the left arm. Chest x-rays showed no abnormalities. A CT scan of the head and neck was also normal. Mr. Fitzwater was diagnosed with an electrical injury.

An August 12, 2015, treatment note by Ross Tennant, FNP, indicates Mr. Fitzwater had returned to full duty work. His only complaint was some numbness and tingling in the left hand,

which was resolving. Mr. Tennant opined that Mr. Fitzwater appeared to be recovering well and released him to full duty work with no restrictions. Mr. Fitzwater submitted a report of injury on August 13, 2015, which indicates he was electrocuted. The diagnoses were listed as injury of the face and neck, rupture of synovium, lower back pain, abnormal involuntary movements, and painful respiration.

Mr. Fitzwater returned to Mr. Tennant on August 17, 2015, with complaints of continued left arm numbness, which was improving. However, Mr. Fitzwater was now experiencing headaches after long periods of working. A treatment note by Wadih Kabbara, M.D., dated September 1, 2015, states that Mr. Fitzwater reported anxiety and pain. He had undergone some physical therapy for his shoulder and it was improving. The impressions were shoulder contusion, anxiety, and hypertension.

Mr. Fitzwater followed up with Mr. Tennant on September 10, 2015, and the treatment note indicates he had been having heart palpitations over the previous few weeks. He had pain in his left arm and hand. The diagnoses were electrical exposure, heart palpitations, left forearm extensor muscle strain, and left upper extremity numbness. An EKG was performed and showed sinus bradycardia. Mr. Tennant ordered physical therapy for the left forearm.

Mr. Fitzwater was admitted to Raleigh General Hospital on September 21, 2015, following seizure and chest pain. Dr. Kabbara's diagnoses at discharge were seizure disorder, hypertension, and chest pain. On October 1, 2015, Mr. Fitzwater was still having seizures and returned to the hospital. The diagnoses were posttraumatic seizures and episodic tension type headaches. The claims administrator held the claim compensable for injury of the face and neck on October 2, 2015. Painful respiration, hypermobility syndrome, lumbago, and abnormal involuntary movements were denied as compensable conditions.

On October 6, 2015, Dr. Kabbara noted that Mr. Fitzwater was still having seizures. He was diagnosed with electric shock; sequela; and anxiety irritability, possibly depression related. A treatment note by Georgianna Richards, M.D., dated October 13, 2015, indicates Mr. Fitzwater reported constant headaches and left arm numbness. He also reported seizures and left side weakness. The diagnoses were convulsions, left hemiparesis, electric shock, memory impairment, and chronic headaches.

In a November 3, 2015, follow up, Dr. Kabbara stated that Mr. Fitzwater continued to have seizures. He had developed anxiety and irritability, possible related to depression from the trauma. A psychiatric evaluation was recommended and performed by Khalid Hasan, M.D., on November 30, 2015. Dr. Hasan noted that Mr. Fitzwater was suffering from depression and anxiety. He also had problems with his memory and was very forgetful. Mr. Fitzwater stated that he had been depressed and despondent. Dr. Hasan diagnosed depressive disorder, generalized anxiety disorder, and history of panic disorder. A neuropsychiatric evaluation was recommended to rule out cognitive problems.

On May 20, 2016, Debra Mooney, DRM, with Dr. Hasan's office, treated Mr. Fitzwater and stated that he reported continued depression. He was diagnosed with major depressive

disorder. On July 15, 2016, he was seen for follow up. He was stable and Ms. Mooney diagnosed recurrent major depression and generalized anxiety disorder. The claims administrator added unspecified abnormal involuntary movements, left sided hemiplegia, and posttraumatic seizures to the claim on September 7, 2016.

In an October 17, 2016, diagnosis update, the diagnoses were listed as electrocution, pseudoseizures, and major depression. On October 20, 2016, Omar Hasan, M.D., stated in a treatment note that Mr. Fitzwater reported increased depression and some irritability. Dr. Hasan diagnosed major depressive disorder, anxiety disorder, and adjustment disorder with mixed anxiety and depression. Mr. Fitzwater followed up with Dr. Khalid Hasan on January 10, 2017, and indicated that he was doing better, though the diagnoses remained major depression and generalized anxiety disorder. The claims administrator denied the addition of major depression to the claim on January 19, 2017.

In an independent forensic psychiatric evaluation on April 12, 2017, Bobby Miller, M.D., noted that Mr. Fitzwater reported left side weakness, seizures, clumsiness, tingling, numbness, depression, anxiety, headaches, trouble concentrating, and unstable emotions since his compensable injury. Mr. Fitzwater denied any prior psychiatric history; however, Dr. Miller noted a prior diagnosis of posttraumatic stress disorder and complaints of anxiety, depression, and panic attacks at WVU Medicine on October 11, 2011. Dr. Miller also found that at the time of the August 11, 2015, injury, Mr. Fitzwater was already taking Xanax. Dr. Miller diagnosed conversion disorder and mixed personality disorder. He opined that Mr. Fitzwater did not develop major depression as a result of the compensable injury. He stated that Mr. Fitzwater had failed on several antidepressants and that the most likely reason for his mood instability is a personality disorder. Dr. Miller found that Mr. Fitzwater developed conversion disorder as a result of the compensable injury, but West Virginia Code of State Rules § 85-20 (2006) does not allow for compensability of the condition.

The Office of Judges affirmed the claims administrator's denial of the addition of major depression to the claim in its July 14, 2017, Order. It first found that West Virginia Code of State Rules § 85-20-12.2 (2006) states that psychiatric disorders must be caused or aggravated by a work injury or disease and that symptoms must manifest within six months of the injury. Dr. Hasan's initial evaluation on November 20, 2015, in which he diagnosed depressive disorder, was within the six month time period. The Office of Judges next found that the medical evidence submitted fails to meet the criteria set forth in West Virginia Code of State Rules § 85-20-12.4 (2006). This section provides that in order for a psychiatric condition to be compensable, the treating physician must consult a psychiatrist who is to determine if there is a psychiatric diagnosis, whether the condition is related to the compensable injury, and the specific facts and circumstances relied on to establish such connection. The Office of Judges determined that Dr. Khalid Hasan failed to provide the specific facts and circumstances in his report to establish a connection between Mr. Fitzwater's major depression and the compensable injury. His treatment notes were also found to lack a causal connection. Further, on the diagnosis update form, the question regarding findings on which the current diagnosis is based and how the condition relates to the compensable injury was not answered in regard to major depression or pseudoseizures.

Therefore, the Office of Judges concluded that persuasive evidence was not introduced showing a compensable psychiatric diagnosis in this claim.

The Office of Judges further found that Dr. Miller's forensic psychiatric evaluation found that Mr. Fitzwater did not develop major depression as a result of the compensable injury. Dr. Miller concluded after psychological testing, that Mr. Fitzwater is not a reliable reporter of his symptoms. While he complained of depression, he failed on several antidepressants. Dr. Miller opined that the most likely reason for this is that his mood disturbance is rooted in a personality disorder. Dr. Miller found that Mr. Fitzwater met the criteria for conversion disorder as a result of his injury, but that condition cannot be held compensable under West Virginia Code of State Rules § 85-20.

The Board of Review reversed the Office of Judges' Order and added major depression to the claim on January 16, 2018. It found, after a review of the evidence, that Mr. Fitzwater did not suffer from depression immediately after the injury. However, it found that it was well documented that he began suffering from depression after he was diagnosed with a seizure disorder as a result of the compensable injury. Post-traumatic seizures are a compensable component of the claim. The Board of Review also concluded that Dr. Miller's report was not reliable. It found that a preponderance of the evidence establishes that Mr. Fitzwater suffers from major depression as a result of the compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. The evidence of record demonstrates that Mr. Fitzwater's depression developed after he was diagnosed with a seizure disorder. The seizure disorder was determined to be a result of the compensable injury and post-traumatic seizures is a compensable component of the claim. The claim is therefore also compensable for major depression.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 20, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum

**DISSENTING:**
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

4